1998 OK JUD ETH 2

**JUDICIAL ETHICS OPINION 1998–2.**

**No. 1998–2.**

Oklahoma Judicial Ethics Advisory Panel.

Decided March 26, 1998.

Filed: April 20, 1998.

■

1998 OK JUD ETH 4

**JUDICIAL ETHICS OPINION 1998–4.**

**No. 1998–4.**

Oklahoma Judicial Ethics Advisory Panel.

Decided May 8, 1998.

Filed: July 21, 1998.

QUESTION: If a Judge and his wife purchase a non-legal related business, can the Judge list his name as an owner of the business in newspaper and telephone advertising?

WE ANSWER: No.

A Judge may manage and participate in a business closely held by the Judge or members of the Judge's family, Canon 4(D)3(a), so long as it is a non-legal related business (as in the instant case) and not engaged in proceedings that would ordinarily come before the Judge. Canon 4(C)3(a). For example, a Judge may participate in or mange a company engaged in investing family resources.

Canon 4(D)1, provides: "A Judge should not engage in financial dealings that:

(a) May reasonably be perceived to exploit the Judge's judicial position ..."

The Judge's name must not be used to the advantage of the business. Even though there may be no intentional or purposeful exploitation of the Judge's name, the

Judge's position is compromised by the *appearance* of exploitation.

Use of the Judge's name in any type of advertising would reasonably be perceived as exploitation.

/s/ Robert L. Bailey, Chairman

/s/ Robert A. Layden, Vice Chairman

/s/ Milton C. Craig, Secretary